# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TORREY CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>MALONE SPORTS CENTER, LLC d/b/a Elite Air;<br>MALONE SPORTS CENTER, LLC d/b/a Elite Air Trampoline Park;<br>MALONE SPORTS CENTER, LLC d/b/a Malone Sports Equipment;<br>MALONE SPORTS CENTER, LLC d/b/a Elite Air Newburgh;<br>MALONE SPORTS CENTER, LLC d/b/a Elite Gymnastics;<br>MALONE SPORTS CENTER, LLC d/b/a Elite Tennis;<br>MALONE SPORTS CENTER, LLC d/b/a Lafayette Elite Tennis Academy; and<br>MALONE SPORTS CENTER, LLC d/b/a Elite Tennis Academy,<br><br>    Defendant. | CAUSE NO.: 4:17-CV-79-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 1, ECF No. 1.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562

F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiff has sufficiently alleged his own citizenship and that the amount in controversy exceeds $75,000.

However, the Complaint alleges that the Defendant Malone Sports Center, LLC "is a limited liability corporation organized under the laws of the State of Indiana with its principal place of business located in Lafayette, Indiana." (Compl. ¶ 1.) This allegation of citizenship is deficient because a limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the Plaintiff must also plead the citizenship of those members as of the date the Complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Accordingly, the Court ORDERS the Plaintiff to FILE, on or before, **July 8, 2019**, a supplemental jurisdictional statement identifying the citizenship on October 10, 2017, the date the Complaint was filed, each of the members of Malone Sports Center, LLC and, if any of the members themselves have members, the citizenship of those members, and so on until the citizenship of all owners and members of members have been identified.

SO ORDERED on June 18, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT