UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TORREY CARTER,<br>          Plaintiff,<br><br>v.<br><br>MALONE SPORTS CENTER, LLC d/b/a Elite Air; MALONE SPORTS CENTER, LLC d/b/a Elite Air Trampoline Park; MALONE SPORTS CENTER, LLC d/b/a Malone Sports Equipment; MALONE SPORTS CENTER, LLC d/b/a Elite Air Newburgh; MALONE SPORTS CENTER, LLC d/b/a Elite Gymnastics; MALONE SPORTS CENTER, LLC d/b/a Elite Tennis; MALONE SPORTS CENTER, LLC d/b/a Lafayette Elite Tennis Academy; and MALONE SPORTS CENTER, LLC d/b/a Elite Tennis Academy,<br>          Defendant. | CAUSE NO.: 4:17-CV-79-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court for a second time on the issue of the Court's subject matter jurisdiction.

On October 10, 2017, Plaintiff Torrey Carter, through counsel, filed a Complaint [ECF No. 1], alleging that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Compl. ¶ 1. As of January 17, 2019, the Plaintiff is proceeding without counsel. On May 1, 2019, the case was reassigned to the undersigned as presiding judge.

Federal courts, which are courts of limited jurisdiction, are duty bound to police their own jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Johnson v. United States Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015). The Plaintiff, having filed his Complaint in

this Court, has the burden to establish diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

On June 18, 2019, the Court sua sponte issued an Order [ECF No. 47] finding that, although the Complaint sufficiently alleges the Plaintiff's citizenship (Illinois) and that the amount in controversy exceeds $75,000.00, the Complaint does not properly allege the citizenship of Defendant Malone Sports Center, LLC. The Complaint alleges that Malone Sports Center, LLC, "is a limited liability *corporation* organized under the laws of the State of Indiana with its principal place of business located in Lafayette, Indiana." Compl. ¶ 1 (emphasis added). This allegation is deficient because the Defendant is not a corporation but rather a limited liability company, which is analogous to a partnership and takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

The Court ordered the Plaintiff to file a supplemental jurisdictional statement identifying the citizenship of each of the members of Malone Sport Center, LLC as of October 10, 2017, the date the Complaint was filed. The Plaintiff timely filed the statement [ECF No. 50] with supporting documents, but neither the statement nor the documents identify the members or the citizenship of the members of Malone Sports Center, LLC. The fact that Malone Sports Center, LLC was organized under the laws of Indiana, has its principal office in Indiana, has a president with an Indiana mailing address, and has registered agents in Kentucky and Indiana does not satisfy the jurisdictional requirement. In its response [ECF No. 54] to the Plaintiff's supplemental jurisdictional statement, Defendant Malone Sports Center, LLC notes that the Plaintiff failed to meet his burden and asks the Court to dismiss the lawsuit. The Defendant does not identify the citizenship of its members or argue that diversity jurisdiction is not met.

2

In light of the Plaintiff's pro se status, the Court grants the Plaintiff a final opportunity, up to and including October 4, 2019, to establish diversity jurisdiction by identifying the citizenship of the members of Malone Sports Center, LLC as of the date the Complaint was filed in this case. The Plaintiff should be aware that he can request jurisdictional discovery from the Defendant to identify this information.

As an alternative to providing responses to jurisdictional discovery, the Defendant may file a Notice with the Court, by the same October 4, 2019 deadline, identifying the citizenship of its members. Otherwise, the Court will direct the Defendant to provide the same to satisfy the Court's inquiry on subject matter jurisdiction. *See, e.g.*, *Johnson v. Nat'l Asset Advisors, LLC*, 772 F. App'x 328, 328 (7th Cir. 2019) (requiring the defendant/appellee, a limited partnership, to provide a "complete jurisdictional summary" naming all of its partners and identifying each partner's state of citizenship after the pro se plaintiffs/appellants provided an incomplete jurisdictional statement under Seventh Circuit Rule 28(a)(1)).[1]

SO ORDERED on August 21, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Rule 28 of the Seventh Circuit Rules provides:
    **(a) Appellant's Jurisdictional Statement.** The jurisdictional statement in appellant's brief, see Fed. R. App. P. 28(a)(4), must contain the following details:
    (1) The statement concerning the district court's jurisdiction shall identify the provision of the constitution or federal statute involved if jurisdiction is based on the existence of a federal question. If jurisdiction depends on diversity of citizenship, the statement shall identify the jurisdictional amount and the citizenship of each party to the litigation. If any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members. The statement shall supply similar details concerning the invocation of supplemental jurisdiction or other sources of jurisdiction.
CTA7 Rule 28.