**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| TORREY CARTER, | |
|              Plaintiff, | |
| | |
|            v. | CAUSE NO.: 4:17-CV-79-TLS-JEM |
| | |
| MALONE SPORTS CENTER, LLC d/b/a Elite Air; MALONE SPORTS CENTER, LLC d/b/a Elite Air Trampoline Park; MALONE SPORTS CENTER, LLC d/b/a Malone Sports Equipment; MALONE SPORTS CENTER, LLC d/b/a Elite Air Newburgh; MALONE SPORTS CENTER, LLC d/b/a Elite Gymnastics; MALONE SPORTS CENTER, LLC d/b/a Elite Tennis; MALONE SPORTS CENTER, LLC d/b/a Lafayette Elite Tennis Academy; and MALONE SPORTS CENTER, LLC d/b/a Elite Tennis Academy, | |
|              Defendant. | |

**OPINION AND ORDER**

This matter is before the Court for a third time on the issue of the Court's subject matter jurisdiction. As of January 17, 2019, the Plaintiff is proceeding without counsel.

Federal courts, which are courts of limited jurisdiction, must police their own subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Johnson v. United States Office of Pers. Mgmt.*, 783 F.3d 655, 668 (7th Cir. 2015). The Plaintiff, having filed his Complaint in this Court, has the burden of establishing diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

On June 18, 2019, the Court issued an Order [ECF No. 47] finding that, although the Complaint sufficiently alleges the Plaintiff's citizenship (Illinois) and that the amount in controversy exceeds $75,000.00, the Complaint does not properly allege the citizenship of Defendant Malone Sports Center, LLC. The Complaint treats the Defendant as a corporation for purposes of citizenship; however, the Defendant is a limited liability company, which is analogous to a partnership and takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

On June 18, 2019, the Court ordered the Plaintiff to file a supplemental jurisdictional statement identifying the citizenship of each of the members of Defendant Malone Sports Center, LLC as of October 10, 2017, the date the Complaint was filed. On July 8, 2019, the Plaintiff timely filed a statement [ECF No. 50] with supporting documents, but the statement and the documents do not identify the Defendant's members or the citizenship of its members.

On August 21, 2019, the Court, considering the Plaintiff's pro se status, granted the Plaintiff a final opportunity, up to and including October 4, 2019, to identify the citizenship of the Defendant's members as of October 10, 2017. The Court advised that, if the October 4, 2019 filing did not provide the requisite information, the Court would direct the Defendant to provide the jurisdictional information necessary to satisfy the Court's inquiry on subject matter jurisdiction. *See, e.g.*, *Johnson v. Nat'l Asset Advisors, LLC*, 772 F. App'x 328, 328 (7th Cir. 2019) (requiring the defendant/appellee, a limited partnership, to provide a "complete jurisdictional summary" naming all of its partners and identifying each partner's state of citizenship after the pro se plaintiffs/appellants provided an incomplete jurisdictional statement under Seventh Circuit Rule 28(a)(1)).[1]

---

[1] Rule 28 of the Seventh Circuit Rules provides:

**(a) Appellant's Jurisdictional Statement.** The jurisdictional statement in appellant's brief, see Fed. R. App. P. 28(a)(4), must contain the following details:

On October 4, 2019, the Plaintiff filed a document titled "Supplemental Jurisdiction Discovery" [ECF No. 67] and provided a document showing the mailing address of the five members of Defendant Malone Sports Center, LLC as of December 31, 2012. The five members are one individual and the trustees of four irrevocable trusts, with the trustees being individuals. The Plaintiff's filing is insufficient for two reasons. First, the statement does not identify the members of Malone Sports Center, LLC on the date the Complaint was filed—October 10, 2017. The five members identified as of December 31, 2012, may have also been the members on October 10, 2017, but this information is not provided to the Court.

Second, the statement does not properly identify the citizenship on October 10, 2017, of each of the members, all of whom are natural persons.[2] The citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's residence are not proper allegations of citizenship as required by 28 U.S.C. § 1332). An individual's mailing address is insufficient if there is no allegation that the address is also the

---

(1) The statement concerning the district court's jurisdiction shall identify the provision of the constitution or federal statute involved if jurisdiction is based on the existence of a federal question. If jurisdiction depends on diversity of citizenship, the statement shall identify the jurisdictional amount and the citizenship of each party to the litigation. If any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members. The statement shall supply similar details concerning the invocation of supplemental jurisdiction or other sources of jurisdiction.

7th Cir. R. 28.

[2] Because the trustees are the members of Malone Sports Center, LLC, the Court looks to the trustees' citizenship. *See RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016); *see also Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).

individual's domicile. *See Pharmerica Corp. v. Crestwood Care, LLC*, No. 13 C 1422, 2015 WL 1006683, at *2 (N.D. Ill. Mar. 2, 2015); *Hill v. Purdue Univ.*, No. 2:12-CV-467, 2013 WL 1409328, at *1 (N.D. Ind. Apr. 8, 2013); *Barnes v. Black*, No. 03-C-703-C, 2004 WL 502022, at *1 (W.D. Wis. Mar. 10, 2004).

Accordingly, the Court ORDERS the Defendant Malone Sports Center, LLC to FILE on or before November 14, 2019, a jurisdictional statement (1) identifying its members and their citizenship as of October 10, 2017, and (2) alleging the citizenship of each natural person, including the trustees, by identifying the individual's domicile on October 10, 2017.

SO ORDERED on October 31, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT