UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TORREY CARTER,<br><br>         Plaintiff,<br><br>   v.<br><br>MALONE SPORTS CENTER, LLC; MALONE SPORTS CENTER, LLC d/b/a Elite Air; MALONE SPORTS CENTER, LLC d/b/a Elite Air Trampoline Park; MALONE SPORTS CENTER, LLC d/b/a Malone Sports Equipment; MALONE SPORTS CENTER, LLC d/b/a Elite Air Newburgh; MALONE SPORTS CENTER, LLC d/b/a Elite Gymnastics; MALONE SPORTS CENTER, LLC d/b/a Elite Tennis; MALONE SPORTS CENTER, LLC d/b/a Lafayette Elite Tennis Academy; MALONE SPORTS CENTER, LLC d/b/a Elite Tennis Academy; and MALONE REAL ESTATE, LLC,<br><br>         Defendants. | CAUSE NO.: 4:17-CV-79-TLS |

**OPINION AND ORDER**

This matter is before the Court on a defense Motion to Dismiss [ECF No. 80]. For the reasons discussed below, the Court GRANTS the Motion to Dismiss.

**BACKGROUND**

On October 10, 2017, Plaintiff Torrey Carter, by counsel, filed a Complaint [ECF No. 1] against Malone Sports Center, LLC and Malone Real Estate, LLC. A Rule 16(b) preliminary pretrial conference was held on February 1, 2018. *See* ECF No. 28. On January 17, 2019, the Court granted the Plaintiff's attorneys' motion to withdraw their appearances, *see* ECF No. 32, and set an in-person status conference, *see id.*; ECF No. 34. The Plaintiff, proceeding pro se,

failed to appear for the status conference on April 4, 2019, but the Court granted him permission to participate by telephone after the conference had begun. *See* ECF No. 38.

On April 4, 2019, Malone Sports Center filed a Motion for Summary Judgment [ECF Nos. 39]. The deadline for the Plaintiff's response brief was stayed pending his attempt to retain counsel. *See* ECF No. 43.

On April 10, 2019, the Plaintiff failed to appear for a scheduled in-person hearing but was again permitted to participate by telephone. *See* ECF Nos. 38, 43. The Court admonished the Plaintiff for failing to appear in person and indicated that dismissal for lack of prosecution may be appropriate if the Plaintiff failed to follow court orders. *See* ECF No. 43.

On May 13, 2019, the Plaintiff appeared in person, as ordered, for a status conference. *See id.*; ECF No. 46. Similarly, the Plaintiff appeared in person at a status conference on June 20, 2019. *See* ECF Nos. 46, 48.

However, on August 15, 2019, the Plaintiff failed to appear for a status conference. *See* ECF No. 56. The Court confirmed discovery deadlines and set a deadline for the Plaintiff's response to the Motion for Summary Judgment. *See id.* The Court also set an in-person status conference/show cause hearing for December 5, 2019, and issued an order to show cause why the Plaintiff should not be held in contempt of Court for failing to appear. *See id.*; ECF No. 57. The Plaintiff was warned that the failure to appear at the hearing may result in sanctions, including dismissal of the case. *See* ECF No. 57.

A September 5, 2019 defense Motion to Compel [ECF No. 63] sought outstanding discovery responses from the Plaintiff. The Court granted the motion. *See* ECF No. 71.[1]

---

[1] The Court ordered the Plaintiff to reimburse the Defendant for attorney fees associated with the Motion to Compel and set a deadline of March 3, 2020, for payment of the fees. *See* Jan. 30, 2020 Order, ECF No. 82. The Plaintiff filed a Motion for Reconsideration [ECF No. 86], which the Court denied, *see* ECF

2

On September 18, 2019, the Plaintiff filed an unsigned Opposition to Motion for Summary Judgment. *See* ECF No. 64.

The Plaintiff appeared in person at the December 5, 2019 show cause hearing, and the Court found good cause shown for his failure to appear on August 15, 2019. *See* ECF No. 73. Malone Sports Center advised that the Plaintiff had not yet provided the outstanding discovery responses, and the Court set a deadline for the Plaintiff to serve those responses. *See id*.

On December 19, 2019, Malone Sports Center filed a Motion to Dismiss [ECF No. 80], seeking dismissal under Federal Rules of Civil Procedure 37(b) and 41(b).

In February 2020, the Plaintiff filed his own discovery requests and sought an extension of time to complete discovery. *See* ECF Nos. 87–91. The Court denied the request for an extension of time and ordered the Plaintiff to serve the outstanding discovery by June 15, 2020, warning that the failure to meet the deadline may result in the dismissal of this case. *See* ECF No. 98. On April 2, 2020, the Court reaffirmed the June 15, 2020 deadline for the Plaintiff's discovery responses but stayed all other discovery pending resolution of the dispositive motions. *See* ECF No. 100.

On June 18, 2020, the Plaintiff failed to participate in a scheduled telephonic status conference. *See* ECF No. 107. The Court sent the Plaintiff a copy of the docket entry for the status conference by both first class and certified mail. *Id.* On June 24, 2020, the Plaintiff signed for the certified mail receipt at the address of record in this case. *See* ECF No. 108. At no time has the Plaintiff made the Court aware of any change of address.

---

No. 107. Malone Sports Center represents that the Plaintiff has not paid the attorney fees. *See* Mot. for Summary Ruling ¶ 4, ECF No. 113.

On July 27, 2020, the Plaintiff filed a 20-page document titled "Defendants Request for Production of Documents to Plaintiff," which appears to be an unsigned response to Malone Sports Center's Request for Production of Documents and Interrogatories. ECF No. 109.

On March 9, 2021, the Court took under advisement Malone Sports Center's Motion to Dismiss, noted several deficiencies with the Plaintiff's response to the Motion for Summary Judgment, and granted the Plaintiff until March 29, 2021, to file an amended response to the Motion for Summary Judgment. *See* Mar. 9, 2021 Op. & Order, ECF No. 111. The Plaintiff was cautioned that failure to file an amended response by the deadline may result in dismissal of the lawsuit without further notice. *Id.* at 2. That Order was sent by regular and certified mail. *See* ECF No. 111. The certified mail was returned as "Return to Sender," "Unclaimed," and "Unable to forward." ECF No. 112. The regular mail was not returned. The Plaintiff did not file an amended response to the Motion for Summary Judgment.

On May 11, 2021, Malone Sports Center filed a Motion for Summary Ruling on Defendant's Motion to Dismiss [ECF No. 113]. In the motion, Malone Sports Center represented that the Plaintiff had not provided the outstanding discovery to the Defendant. *See id.* ¶ 3. The Plaintiff did not file a response.

On June 22, 2021, the Court set this matter for an in-person hearing on all pending motions for July 29, 2021. *See* ECF No. 120. The Court warned the Plaintiff that failure to appear at the hearing may result in the dismissal of his case. *See id.* The Order was sent by regular and certified mail. *See id.* The certified mail was returned as "Return to Sender, "Unclaimed," and "Unable to forward." ECF No. 121. The regular mail was not returned.

The Plaintiff did not appear for the hearing on July 29, 2021. *See* ECF No. 122. The Court summarized the status of the case and heard argument from defense counsel. The

4

Defendants represented that they still have not received documents responsive to their discovery requests. Counsel orally moved for dismissal on behalf of all the Defendants.

**ANALYSIS**

The Defendants seek dismissal of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and for failure to prosecute. Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Ball v. City of Chicago*, 2 F.3d 752, 753, 758–60 (7th Cir. 1993). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). As a result, the Seventh Circuit Court of Appeals has directed district courts to consider the following six factors when considering a Rule 41(b) motion:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931–32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)). The Court considers these factors in turn.

First, the Plaintiff's failure to comply with deadlines for prosecution of the suit has been both frequent and significant. On five occasions, the Plaintiff failed to appear for hearings. After the second failure to appear on April 10, 2019, the Plaintiff was admonished that failure to follow court orders could result in dismissal of his case. After then appearing for two hearings in May and June 2019, the Plaintiff failed to appear at the August 15, 2019 status conference;

however, the Court subsequently found good cause shown for the failure to appear. Nevertheless, on June 18, 2020, the Plaintiff failed to participate in a telephonic conference. And, most recently, on July 29, 2021, the Plaintiff did not appear for the in-person status conference, despite having been warned that the failure to appear may result in the dismissal of his case.

The Plaintiff has further failed to follow court orders in that he has not produced documents responsive to Malone Sports Center's discovery requests notwithstanding several orders to do so and the warning that the failure to meet the discovery deadline may result in the dismissal of his case. In addition, despite being given the opportunity to file an amended response to the Motion for Summary Judgment to cure several deficiencies, the Plaintiff did not file an amended response. The Plaintiff was warned that the failure to file an amended response may result in the dismissal of the lawsuit.

Second, the responsibility for these mistakes is attributable to the Plaintiff because he is proceeding without counsel. Pro se parties must follow court rules and directives. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (citing cases).

Third, the Plaintiff's failure to prosecute the case has impacted the Court's calendar. The Plaintiff failed to attend numerous conferences without advising the Court in advance and, in some cases, without explanation to the Court. These failures required additional orders by the Court and settings on the Court's calendar and has delayed the progression of this case.

Fourth, the Plaintiff's inaction has prejudiced the Defendants. The Plaintiff's failure to produce documents in discovery prejudices the Defendants' ability to defend this case. In addition, the Plaintiff's failure to appear at hearings and failure to prosecute has necessitated the Defendants' time and resources for additional motion practice and hearings.

Finally, the considerations regarding whether the case carries any merit or social objective is outweighed by the above factors and the Plaintiff's abandonment of his case. *See,*

*e.g.*, *Martinez v. County of Porter*, No. 2:15 CV 35, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 30, 2016).

The Plaintiff was warned numerous times that the failure to follow court orders and to prosecute this case may result in dismissal of his lawsuit. Nevertheless, the Plaintiff has declined to prosecute his action, did not respond to the Defendants' Motion to Dismiss, and did not appear at the July 29, 2021 in-person motion hearing before the Court. The Court recognizes the nationwide COIVD-19 pandemic and its effect on the courts and litigants since March 2020; however, the Court has received nothing from the Plaintiff to infer that his failure to prosecute this case is related to the pandemic. In accordance with the Seventh Circuit's criteria for evaluating a motion to dismiss pursuant to Rule 41(b), the Court finds that the Plaintiff has abandoned his case and dismissal is warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion for Summary Ruling on Defendant's Motion to Dismiss [ECF No. 113], GRANTS the Defendant's Motion to Dismiss [ECF No. 80], DENIES as moot the Motion for Summary Judgment [ECF No. 39], and DISMISSES with prejudice the Plaintiff's Complaint.

SO ORDERED on August 2, 2021.

                     s/ Theresa L. Springmann  
                     JUDGE THERESA L. SPRINGMANN  
                     UNITED STATES DISTRICT COURT